Ruben Carlos **PINZON–MEDINA,**
Petitioner,

v.

Alberto R. **GONZALES,** Attorney General, Respondent.

No. 06–72738.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007.*

Filed April 30, 2007.

CAS–District Counsel, Office of the District Counsel Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, Robert N. Markle, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, GRABER, and CLIFTON, Circuit Judges.

MEMORANDUM **

Ruben Carlos Pinzon–Medina seeks review of an order of the Board of Immigration Appeals upholding an immigration judge's order denying his application for cancellation of removal. To the extent we

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

have jurisdiction, it is conferred by 8 U.S.C. § 1252. We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's determination that Pinzon–Medina did not warrant cancellation of removal as a matter of discretion. *See* 8 U.S.C. § 1252(a)(2)(B)(i) (the court lacks jurisdiction to review any judgment regarding the discretionary denial of relief under 8 U.S.C. § 1229b); *see also Hosseini v. Gonzales*, 471 F.3d 953, 956–57 (9th Cir.2006) (explaining "the REAL ID Act does not restore [ ] jurisdiction [where the petitioner] does not argue that the BIA's discretionary denial was unconstitutional or unlawful.").

We review de novo claims of constitutional violations in immigration proceedings. *See Ram v. INS*, 243 F.3d 510, 516 (9th Cir.2001). Pinzon–Medina's due process arguments fail because he did not show that the testimony about the pastor's letter caused prejudice, *see Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000), and because the agency may look to evidence outside the record of conviction to determine whether discretion should be favorably exercised, *cf. Tokatly v. Ashcroft*, 371 F.3d 613, 621 (9th Cir.2004).

**PETITION FOR REVIEW DISMISSED in part and DENIED in part.**